[No. C078983. Third Dist. Feb. 9, 2017.]

DIANA LEMKE, Plaintiff and Appellant, v.
SUTTER ROSEVILLE MEDICAL CENTER et al., Defendants and
Respondents.

**COUNSEL**

Bohm Law Group, Lawrance A. Bohm and Maria E. Minney for Plaintiff and Appellant.

Hanson Bridgett, Jahmal T. Davis and Adam W. Hofmann for Defendants and Respondents.

**OPINION**

**HOCH, J.**—In this appeal, Diana Lemke challenges the trial court's granting of summary judgment in favor of respondents Sutter Roseville Medical Center, Peter V. Hull, M.D., Debbie Madding, and Julie Fralick (collectively Sutter Roseville). Lemke was terminated from her employment as a registered nurse at Sutter Roseville Medical Center after improper administration of narcotics to a patient and failure to properly monitor and document the patient's condition. In response, Lemke filed an action against Sutter Roseville in which she claimed retaliation for whistleblowing, disability discrimination, failure to accommodate a disability, failure to engage in an interactive process, retaliation, harassment, failure to prevent retaliation, and defamation.

On appeal, Lemke addresses only her causes of action for retaliation, failure to prevent retaliation, and defamation. She contends (1) there is a triable issue of material fact as to whether Sutter Roseville's stated reasons for terminating her employment were pretextual, (2) the same reasons establishing her claim for retaliation also compel reversal of the trial court's dismissal of her claim for failure to prevent retaliation, (3) she presented sufficient evidence to demonstrate triable issues of material fact for her claim of defamation, and (4) the trial court erred in its evidentiary rulings related to the motion for summary judgment.

We conclude Lemke did not meet her burden to show Sutter Roseville's stated reasons were merely a pretext for retaliating against her. On this basis, we also determine the trial court properly dismissed her claim of failure to prevent retaliation. As to her cause of action for defamation, we conclude Sutter Roseville's statements were absolutely privileged because they were made in connection with its internal investigation and in an official proceeding before the Board of Registered Nursing (Board). Finally, Lemke has forfeited her claim of evidentiary error for lack of any record citations or analysis of prejudice. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

We set forth the statement of factual and procedural history of the case consistent with Lemke's limitation of issues on appeal to her claims of retaliation, failure to prevent retaliation, and defamation.

### *Lemke's Operative Complaint*

Lemke's first amended complaint is the operative complaint. It alleges Sutter Roseville wrongfully terminated her from employment as a registered nurse. The operative complaint recounts that she began working at Sutter Roseville Medical Center in 2011. Between March 7, 2011, and April 23, 2011, Lemke "observed several safety issues" she reported to her supervisor, Debbie Madding, for corrective action. Madding, however, ignored the issues. During one of these incidents, Madding informed Lemke that "it [was] not the job of the relief nurse to write down what had been administered or happened while the charge nurse was on lunch break." Lemke regarded this directive as "unethical and illegal."

On April 23, 2011, an elderly patient was admitted to the Sutter Roseville Medical Center emergency room with a possible hip fracture. Emergency room physician Peter V. Hull ordered that one milligram of Dilaudid (a narcotic approximately eight to 10 times stronger than morphine) be given through a slow intravenous push to relieve the patient's pain. The patient continued to experience severe pain and Lemke asked Dr. Hull whether a pelvic fracture could be causing the extreme pain. Dr. Hull answered he would have to order more tests and began walking away. Lemke asked whether the patient should receive a new pain medication order, and Dr. Hull verbally ordered that the patient be given 100 micrograms of fentanyl (a narcotic approximately 50 times stronger than morphine). Lemke researched fentanyl, determined the ordered dosage was a "legitimate dosage for severe pain," and administered the drug.

Lemke informed the patient's family they should watch for signs of the patient's oxygen saturation levels dropping. As Lemke was proceeding to her next patient, the relief nurse directed her to take a lunch break. Lemke relayed her concerns regarding her patients and went to lunch. Upon returning to her station, Lemke was informed the patient had been placed on nasal cannula and had indeed suffered a fractured pelvis. At some point, Lemke observed the patient refuse a nasogastric tube at which point another nurse grabbed the patient's arms, got on top of him, and yelled to Madding to administer two milligrams of Ativan—an order Lemke believes was illegal for a nurse to issue. Lemke apologized to the patient and left the room.

On the morning of April 24, 2011, Madding informed Lemke there was going to be a meeting involving "patient safety issues." On May 4, 2011, Lemke communicated with Sutter Roseville Medical Center's human resources department about her patient safety concerns. During that conversation, Lemke noted she had already been informed by Madding that Lemke would need a union representative to accompany her to the meeting if Lemke wanted representation.

On May 6, 2011, a meeting occurred involving the human resources department, Lemke, her union representative, Madding, and Julie Fralick (manager of the registered nurse department). None of Lemke's patient safety concerns were addressed. Instead, Madding and Fralick presented their accusations against Lemke regarding the incident with the patient on April 23, 2011. They asked Lemke to resign. Lemke refused to resign. On May 9, 2011, Lemke's doctor placed her on disability leave. The next day, Sutter Roseville terminated her employment.

On February 1, 2012, Lemke was notified by the Board that an investigation was being conducted. The Board's complaint stated that "[t]he allegation involves [Lemke] and her license, which may be subject to disciplinary action." The investigator for the Department "identified the incident as one that happened in [April][1] of 2011, after which management counseled [Lemke]."

Lemke's cause of action for defamation asserts it applies to all defendants but does not describe any of the statements or identify any person hearing or learning of the statements. Instead, her operative complaint states only that Sutter Roseville's "managing agents and employees published false and defamatory statements concerning [Lemke's] profession, trade, business and qualifications." No further information regarding the defamatory statements is provided.

### *Sutter Roseville's Motion for Summary Judgment*

Sutter Roseville moved for summary judgment. Sutter Roseville acknowledged Lemke could demonstrate a prima facie claim of retaliation under the burden-shift test articulated in *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792 [36 L.Ed.2d 668, 93 S.Ct. 1817]. Conceding the burden shifted to it to show a legitimate reason for the termination, Sutter Roseville asserted Lemke's dereliction of care in multiple respects that cumulated in the near death of the patient constituted a sufficient showing. Based on this ground,

---

[1] The Board's complaint expressly focused on the same patient care given by Lemke on April 23 to 24, 2011, as did Sutter Roseville's termination.

Sutter Roseville argued Lemke had no claim for retaliation or failure to prevent retaliation. As to defamation, Sutter Roseville argued statements regarding Lemke's performance were privileged because they were made only in connection with its own internal investigation or to the Board.

### *Lemke's Opposition to the Motion for Summary Judgment*

Lemke opposed the motion for summary judgment. As relevant to this appeal, Lemke argued there was a triable issue of fact as to retaliation due to Sutter Roseville's termination shortly after she reported patient safety concerns. Lemke argued Sutter Roseville's investigation was inadequate to support the termination. Lemke also introduced a declaration from another registered nurse, Dorajane Apuna-Grummer. Apuna-Grummer opined Sutter Roseville's sanction was unusually harsh. As to defamation, Lemke argued Madding's inadequate investigation led to a false and disparaging report made to the Board. Thus, Lemke asserted Sutter Roseville had not established it had made the communications to the Board in good faith. Lemke's argument regarding defamation focused only on statements made to the Board.

### *The Trial Court Granted Summary Judgment in Favor of Sutter Roseville*

The trial court granted summary judgment in favor of Sutter Roseville. As to the causes of action for retaliation and failure to prevent retaliation, the trial court explained that "there exists no triable issue establishing a causal link between her alleged engagement in protected activity and her termination. There is essentially no dispute that [Lemke's] termination was based upon the near fatal incident involving patient C.D. Without a causal link, there exists no triable issue" as to the causes of action for retaliation and failure to prevent retaliation.

The trial court dismissed the defamation claim on two grounds: "First, plaintiff provides no supporting evidence to sufficiently establish any disparaging statements were made to the [Board]. Even if such evidence was presented, which it has not been, such statements would fall under Civil [Code section 47, subdivision] (b)(4) as an official proceeding authorized by law."

In its ruling on the motion for summary judgment, the trial court sustained one of Lemke's evidentiary objections and three of Sutter Roseville's objections.

From the subsequent judgment of dismissal, Lemke timely filed a notice of appeal.

DISCUSSION

I, II*

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

III

*Defamation*

■ Lemke contends the trial court erred in dismissing her cause of action for defamation because she produced evidence showing Sutter Roseville's statements to the Board were false and based on inadequate investigation. We conclude Sutter Roseville's statements were absolutely privileged because they were made in connection with its internal investigation and in an official proceeding before the Board.

A.

***Absolute Privilege Under Civil Code Section 47,
Subdivision (b)***

■ "The tort of defamation 'involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage.' " (*Taus v. Loftus* (2007) 40 Cal.4th 683, 720 [54 Cal.Rptr.3d 775, 151 P.3d 1185], quoting 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 529, p. 782.) Civil Code section 47 provides an absolute privilege for statements made in an official proceeding. To this end, subdivision (b) of Civil Code section 47 provides in pertinent part that "[a] privileged publication or broadcast is one made" in any legislative or judicial proceeding as well as "in any other official proceeding authorized by law . . . ." The California Supreme Court has explained that "[s]ection 47 establishes a privilege that bars liability in tort for the making of certain statements. Pursuant to section 47(b), the privilege bars a civil action for damages for communications made '[i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to [statutes governing writs of mandate],' with certain statutory exceptions that do not apply to the present case. The privilege established by this subdivision often is referred to as an 'absolute' privilege, and it bars all

---

tort causes of action except a claim for malicious prosecution." (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360 [7 Cal.Rptr.3d 803, 81 P.3d 244] (*Hagberg*).)

The absolute privilege under Civil Code section 47, subdivision (b), encompasses communications made to instigate an official investigation and in connection with the investigation once commenced. (*Hansen v. Department of Corrections & Rehabilitation* (2008) 171 Cal.App.4th 1537, 1547 [90 Cal.Rptr.3d 381].) The absolute privilege bars an action for defamation based on a report of misconduct to "an appropriate regulatory agency, even if the report is made in bad faith." (*Id.* at p. 1546.) For purposes of the absolute privilege supplied by subdivision (b) of Civil Code section 47, the Board is an appropriate regulatory agency. The Board is charged with responsibility to discipline the registered nurses it licenses. (Bus. & Prof. Code, §§ 2701, 2732.1, 2750.) In creating the Board, the Legislature declared: "Protection of the public shall be the highest priority for the [Board] in exercising its licensing, regulatory, and disciplinary functions." (Bus. & Prof. Code, § 2708.1.) Consequently, an absolute privilege applies to statements made by Sutter Roseville to the Board.

## B.

### *Sutter Roseville's Communications to the Board*

█ Lemke argues that "there is sufficient evidence to demonstrate an issue of fact whether Sutter [Roseville's] statements to the [Board] were made in good faith." We reject the argument. Statements made to the Board to report nursing misconduct are absolutely privileged under Civil Code section 47, subdivision (b). Thus, Lemke's defamation claim is barred even if she could prove Sutter Roseville's statements were not made in good faith or based on inadequate investigation. (*Hagberg, supra*, 32 Cal.4th at p. 360.)[2]

## IV[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[2] Our conclusion obviates the need to consider whether Lemke's operative complaint adequately stated a claim based on communications to the Board when the complaint does not describe any of the allegedly defamatory statements or the recipients of those statements. A party cannot successfully resist summary judgment on a theory not pleaded. (*County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 332–333 [40 Cal.Rptr.3d 313]; *Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 541 [30 Cal.Rptr.2d 706].)

[*] See footnote, *ante*, page 1292.

## DISPOSITION

The judgment is affirmed. Respondents Sutter Roseville Medical Center, Peter V. Hull, M.D., Debbie Madding, and Julie Fralick shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

Butz, Acting P. J., and Renner, J., concurred.