[No. F054911. Fifth Dist. Dec. 12, 2008.]

DOUGLAS R. HANSEN, Plaintiff and Appellant. v.
DEPARTMENT OF CORRECTIONS AND REHABILITATION, Defendant
and Respondent.

## COUNSEL

Law Offices of Richard J. Papst and Richard J. Papst for Plaintiff and Appellant.

Edmund G. Brown, Jr., Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Elizabeth Hong and Claudia Ramirez, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**LEVY, Acting P. J.**—While appellant, Douglas R. Hansen, was employed by respondent, California's Department of Corrections and Rehabilitation (CDCR), as a vocational instructor at the Correctional Custody Institution (CCI), CDCR's Office of Internal Affairs began an investigation into allegations that Hansen had engaged in misconduct and criminal activity. The alleged criminal activity included violations of Penal Code section 289.6, subdivision (a)(3) (prohibits sexual activity with inmates) and Penal Code section 4570 (prohibits unauthorized communications with inmates). Shortly thereafter, Hansen retired from state service. Nevertheless, the investigation continued, engendering a warrant to search Hansen's residence. CDCR agents, accompanied by the local police, executed the warrant, searched the residence, and seized several items. However, no criminal charges were ever filed.

Based on CDCR's act of continuing the investigation after his retirement, Hansen filed a complaint alleging that CDCR took retaliatory action against him as a whistleblower in violation of Labor Code section 1102.5. According to Hansen, throughout his employment with CDCR he had routinely and consistently complained of what Hansen believed were illegal acts committed by CDCR. Hansen alleged that certain CDCR employees who were not satisfied with his retirement conspired to defame him and to cause him continuing damage. Hansen claimed that, as part of this civil conspiracy, these employees willfully and intentionally created an entire "web of lies" regarding Hansen including that he had illegally smuggled communications to inmates, had illegally smuggled firearms, deadly weapons or tear gas into CCI, and had illegally engaged in sexual activity with inmates. Hansen asserted that, as a direct result of these statements, a CDCR representative swore out an affidavit and secured the warrant for the search of Hansen's person and residence. Hansen relied on the above claims to also assert causes of action for intentional infliction of emotional distress and violation of his constitutional rights.

CDCR responded by filing a motion to strike the complaint as a SLAPP (strategic lawsuit against public participation) suit under Code of Civil Procedure[1] section 425.16. CDCR argued that, because Hansen's complaint arose out of statements and writings made before official and judicial proceedings, it fell within the ambit of the anti-SLAPP statute. CDCR further asserted that Hansen could not demonstrate a probability of prevailing on the merits of his causes of action.

The trial court found that Hansen's causes of action arose out of activities that were protected by the anti-SLAPP statute. The court further concluded Hansen did not establish that CDCR's activities were illegal as a matter of law.

The court then considered whether Hansen had met his burden of demonstrating a probability of prevailing on his claims and concluded that he did not. The court determined that the cause of action for whistleblower retaliation failed because Hansen was not CDCR's employee at the time of the alleged retaliatory acts and because CDCR's communications were protected by the litigation privilege. The court found the cause of action for intentional infliction of emotional distress failed because CDCR had absolute immunity from this claim. Hansen conceded the lack of a basis for his constitutional rights violation claim. Accordingly, the trial court granted CDCR's motion to strike Hansen's complaint.

Hansen contends the trial court erred in striking his complaint. Hansen concedes that CDCR's communication with the superior court regarding the issuance of the search warrant was protected speech. However, Hansen asserts that the "web of lies" regarding the alleged illegal activities was not protected because falsely reporting a crime is illegal as a matter of law. Hansen further argues that he met his burden to show a probability of success on each of his two causes of action.

As discussed below, the trial court correctly analyzed this matter. Thus, the order will be affirmed.

## DISCUSSION

### 1. *The anti-SLAPP statute.*

 Section 425.16 was enacted in 1992 to provide a procedure for expeditiously resolving "nonmeritorious litigation meant to chill the valid

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

exercise of the constitutional rights of freedom of speech and petition in connection with a public issue." (*Sipple v. Foundation for Nat. Progress* (1999) 71 Cal.App.4th 226, 235 [83 Cal.Rptr.2d 677].) It is California's response to meritless lawsuits brought to harass those who have exercised these rights. (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 644 [49 Cal.Rptr.2d 620], disapproved on another ground in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68 [124 Cal.Rptr.2d 507, 52 P.3d 685].) This type of suit, referred to by the acronym SLAPP, is generally brought to obtain an economic advantage over the defendant, not to vindicate a legally cognizable right of the plaintiff. (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 927 [116 Cal.Rptr.2d 187].)

When served with a SLAPP suit, the defendant may immediately move to strike the complaint under section 425.16. To determine whether this motion should be granted, the trial court must engage in a two-step process. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76 [124 Cal.Rptr.2d 519, 52 P.3d 695].)

The court first decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. (*City of Cotati v. Cashman, supra,* 29 Cal.4th at p. 76.) The moving defendant must demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant's] right of petition or free speech under the United States or California Constitution in connection with a public issue . . . ." (§ 425.16, subd. (b)(1); see *Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th at p. 67.) If the court concludes that such a showing has been made, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 [124 Cal.Rptr.2d 530, 52 P.3d 703].)

To establish the requisite probability of prevailing, the plaintiff need only have " ' "stated and substantiated a legally sufficient claim." ' " (*Navellier v. Sletten, supra,* 29 Cal.4th at p. 88.) " 'Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." ' " (*Id.* at pp. 88–89.) The plaintiff need only establish that his or her claim has minimal merit to avoid being struck as a SLAPP. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 291 [46 Cal.Rptr.3d 638, 139 P.3d 30].)

 The questions of whether the action is a SLAPP suit and whether the plaintiff has shown a probability of prevailing are reviewed independently on appeal. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999 [113 Cal.Rptr.2d 625].) Further, the anti-SLAPP statute is to be broadly construed. (§ 425.16, subd. (a).)

2. *CDCR's statements pertaining to the internal investigation were protected by section 425.16.*

 Section 425.16, subdivision (e), clarifies what speech constitutes an " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue . . . .' " Such speech includes: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

Hansen's complaint is based on statements and writings CDCR personnel made during the internal investigation and in securing the search warrant. The search warrant affidavit constituted a writing made before a judicial proceeding. Accordingly, those statements fall under section 425.16, subdivision (e)(1).

Further, the internal investigation itself was an official proceeding authorized by law. (*Green v. Cortez* (1984) 151 Cal.App.3d 1068, 1073 [199 Cal.Rptr. 221].) Thus, the objected-to statements and writings, i.e., the allegedly false reports of criminal activity, were made in connection with an issue under consideration by an authorized official proceeding and thus constitute protected activity under section 425.16, subdivision (e)(2). Although Hansen was never formally charged with misconduct or a crime, communications preparatory to or in anticipation of the bringing of an official proceeding are within the protection of section 425.16. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [81 Cal.Rptr.2d 471, 969 P.2d 564].)

Hansen concedes that the warrant affidavit itself was protected under section 425.16. However, Hansen asserts that CDCR's remaining acts were not. According to Hansen, by conspiring to make, and knowingly making, false reports, CDCR personnel engaged in illegal acts as a matter of law.

■ Where either the defendant concedes, or the evidence *conclusively* establishes, that the allegedly protected speech or petition activity was illegal as a matter of law, the defendant is precluded from using the anti-SLAPP statute to strike the plaintiff's action. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 320 [46 Cal.Rptr.3d 606, 139 P.3d 2].) However, conduct that would otherwise be protected by the anti-SLAPP statute does not lose its coverage simply because it is *alleged* to have been unlawful. (*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 910–911 [120 Cal.Rptr.2d 576].) If that were the test, the anti-SLAPP statute would be meaningless. (*Id.* at p. 911.)

Here, Hansen's allegation that CDCR personnel engaged in criminal activity by falsely accusing Hansen of committing criminal acts while knowing those accusations were false was not conceded by CDCR. Rather, CDCR vehemently argues that this was not the case. Further, other than Hansen's bare allegation, there is no evidence that false accusations were knowingly made. Accordingly, Hansen has not demonstrated that CDCR's protected activity is excluded from anti-SLAPP coverage for indisputably illegal conduct.

Since CDCR made a threshold prima facie showing that its acts of which Hansen complains were protected by section 425.16, it is necessary to take the next step in the SLAPP analysis and determine whether Hansen met his burden of establishing a probability of prevailing on his complaint.

3. *Hansen failed to establish a probability of prevailing on his complaint.*

a. *Whistleblower liability.*

In his first cause of action, Hansen alleges that CDCR violated the whistleblower statute. According to Hansen, he was defamed by CDCR personnel following his retirement in retaliation for complaints that he made during his employment.

■ Labor Code section 1102.5, subdivision (b), prohibits an employer from retaliating against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to

believe that the information discloses a statutory or regulatory violation. The purpose of this statute is to " 'encourag[e] workplace whistle-blowers to report unlawful acts without fearing retaliation.' " (*Soukup v. Law Offices of Herbert Hafif, supra*, 39 Cal.4th at p. 287.)

■ To establish a prima facie case for whistleblower liability, a plaintiff must show that he or she was subjected to adverse employment action after engaging in protected activity and that there was a causal connection between the two. (*Soukup v. Law Offices of Herbert Hafif, supra*, 39 Cal.4th at pp. 287–288.) Accordingly, a prerequisite to asserting a Labor Code section 1102.5 violation is the existence of an employer-employee relationship at the time the allegedly retaliatory action occurred. (*Soukup*, at p. 288.)

Here, Hansen alleges that the alleged retaliation took place after he retired. Thus, an employer-employee relationship did not exist. Consequently, Hansen cannot state a cause of action under Labor Code section 1102.5.

b. *Intentional infliction of emotional distress.*

Hansen contends that the allegedly defamatory statements made by CDCR personnel support his second cause of action for intentional infliction of emotional distress. However, tort liability for the making of these statements is barred by the litigation privilege.

■ The litigation privilege is derived from common law principles establishing a defense to defamation claims although it is now held applicable to any communication and all torts except malicious prosecution. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057 [39 Cal.Rptr.3d 516, 128 P.3d 713].) This privilege is codified in Civil Code section 47 and, as applicable here, provides that a privileged publication is one made in any "judicial proceeding" or "in any other official proceeding authorized by law." (Civ. Code, § 47, subd. (b).) Further, the privilege is absolute. (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360 [7 Cal.Rptr.3d 803, 81 P.3d 244].)

■ The litigation privilege gives all persons the right to report crimes to the police or an appropriate regulatory agency, even if the report is made in bad faith. (*Brown v. Department of Corrections* (2005) 132 Cal.App.4th 520, 525–526 [33 Cal.Rptr.3d 754].) Such a communication, which is designed to prompt action by that government entity, is as much a part of an "official proceeding" as a communication made after an official investigation has commenced. (*Hagberg v. California Federal Bank, supra*, 32 Cal.4th at p. 364.) In short, this unqualified privilege applies to various communications

intended to instigate official investigation into wrongdoing. (*Hagberg v. California Federal Bank, supra,* 32 Cal.4th at p. 369.)

Here, the objected-to statements were communicated to CDCR officials as part of an internal investigation of Hansen and concerned his alleged misconduct and criminal wrongdoing. Thus, they were absolutely privileged under Civil Code section 47, subdivision (b). Accordingly, Hansen cannot maintain an action against CDCR based on those statements.

Moreover, CDCR, as a public entity, is immune from liability on the claim of intentional infliction of emotional distress under Government Code sections 815.2 and 821.6. Pursuant to these sections, public employees, acting within the scope of their employment, and the public entity, are immune from tort liability for any acts done by the employees in preparation for formal judicial or administrative proceedings, including investigation of alleged wrongdoing, and for any acts done to institute and prosecute such formal proceedings. (*Amylou R. v. County of Riverside* (1994) 28 Cal.App.4th 1205, 1209–1210 [34 Cal.Rptr.2d 319]; *Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1436–1437 [246 Cal.Rptr. 609].) Since the acts of which Hansen complains were part of CDCR's internal investigation, which was a precursor to a formal judicial or administrative proceeding, both the employees and CDCR are immune.

Hansen does not dispute this analysis. Rather, Hansen argues that this immunity defense does not apply to liability for false arrest or false imprisonment under Government Code section 820.4. However, Hansen did not plead causes of action for false arrest or false imprisonment in his complaint. A plaintiff cannot avoid a SLAPP motion by amending the complaint. (*Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* (2004) 122 Cal.App.4th 1049, 1055 [18 Cal.Rptr.3d 882].) Accordingly, Hansen cannot avoid his failure to establish a probability of prevailing on his complaint by attempting to state causes of action for false arrest or false imprisonment at this juncture.

In sum, CDCR met its burden of establishing that Hansen's causes of action arose out of activities that were protected by the anti-SLAPP statute. Further, Hansen failed to establish that his claims had even minimal merit. Accordingly, the order granting CDCR's motion to strike will be affirmed. In addition, CDCR is entitled to its attorney fees and costs on appeal. (*Sylmar Air Conditioning v. Pueblo Contracting Services, Inc., supra,* 122 Cal.App.4th at p. 1059.)

## DISPOSITION

The order is affirmed. CDCR is to recover its costs and attorney fees on appeal in amounts to be determined by the trial court. (Cf. *Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1271 [73 Cal.Rptr.3d 383].)

Dawson, J., and Hill, J., concurred.