**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONALD EDWARD OYENIK,

           Plaintiff-Appellant,

v.

CORIZON HEALTH INCORPORATED,
Healthcare Provider at ASPC Florence -
South Unit,

           Defendant-Appellee.

No.   15-16850

D.C. No. 2:13-cv-01597-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted April 19, 2017
San Francisco, California

Before:  THOMAS, Chief Judge, and FERNANDEZ and MURGUIA, Circuit
Judges.

Ronald Edward Oyenik ("Oyenik") appeals the district court's grant of

summary judgment to Corizon Health, Inc. ("Corizon").  We have jurisdiction

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

pursuant to 28 U.S.C. § 1291, and we reverse and remand. Because the parties are familiar with the facts of this case, we do not repeat them here.

The Eighth Amendment to the Constitution prohibits the infliction of "cruel and unusual punishments." By enacting 42 U.S.C. § 1983, Congress ensured that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), the Supreme Court made clear that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. In other words, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Because *respondeat superior* is not an available theory of liability, "[a] government entity may not be held liable under 42 U.S.C. § 1983[ ] unless a policy, practice, or custom of the

2

entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

Assuming, without deciding, that *Monell* applies in this context,[1] Oyenik must show that "(1) [Corizon] acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of [Corizon]." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012).

Oyenik is suing Corizon, a corporation contracted by the State of Arizona to provide medical treatment to state prisoners. Such a function is "fairly attributable to the State" and can therefore give rise to § 1983 liability. *West v. Atkins*, 487 U.S. 42, 54 (1988) (citing *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976)). Thus, the first requirement is satisfied.

---

[1] In *Tsao*, we were asked to decide "for the first time in this circuit, whether *Monell* . . . applies to suits against private entities under § 1983." 698 F.3d at 1138. We held that it does. *Id.* at 1139. But because *Monell* does not apply to state governments (which are immune from suit under the Eleventh Amendment, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)), and we did not specifically state in *Tsao* that the *respondeat superior* preclusion extends to private entities acting on behalf of state governments, we assume without deciding that the *Monell* standard applies in this case. If *Monell* does not apply, then traditional *respondeat superior* analysis would apply. Therefore, there is no need for us to reach the issue because *Monell* is a more demanding standard (i.e., Oyenik would satisfy *respondeat superior* if he satisfies the requirements of *Monell*).

As for the second requirement, the district court concluded that Oyenik had raised triable issues of fact with respect to his serious medical need, Corizon's deliberate indifference to that need, and the harm caused by that indifference—in other words, a constitutional violation occurred. But the district court granted summary judgment to Corizon because "Oyenik [did] not present evidence of a Corizon policy or practice that demonstrates deliberate indifference," and "[t]here [was] no evidence of a pattern of similar situations that show or suggest Corizon regularly rejected consultation requests under a pretext of allegedly insufficient information."

"Proof of random acts or isolated events is insufficient to establish custom," *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995), and "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy," *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001). While one or two incidents are insufficient to establish a custom or policy, *see Davis v. City of Ellensburg*, 869 F.2d 1230, 1234 (9th Cir. 1989); *Meehan v. Cty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988), we have not

established what number of similar incidents would be sufficient to constitute a custom or policy.

Oyenik has shown at least a dozen instances of Corizon denying or delaying consultations, biopsies, and radiation treatment for his prostate cancer over the course of almost a year. There is no case law indicating that a custom cannot be inferred from a pattern of behavior toward a single individual, and a reasonable jury may conclude that such delay tactics amount to a Corizon custom or practice of deliberate indifference to prisoners' serious medical needs. *See Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1478 (9th Cir. 1992).

Oyenik tendered sufficient facts to survive summary judgment on the theory that Corizon had a custom of deliberate indifference to his serious medical needs. The district court erred in granting summary judgment to Corizon.

**REVERSED and REMANDED.**